UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| RAYNARD DAVIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos.: 3:22-CV-406-TAV-JEM |
| | ) 3:10-CR-53-TAV-DCP-1 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

Petitioner Raynard Davis has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("§ 2255 motion") [Doc. 505; Case No. 3:22-cv-406, Docs. 1, 2][1] and two motions to appoint counsel [Case No. 3:22-cv-406, Docs. 6, 10].[2] In his § 2255 motion, petitioner presents several claims regarding the validity of his sentence and the effectiveness of his counsel at sentencing. The government has responded in opposition to petitioner's § 2255 motion [Case No. 3:22-cv-406, Doc. 8], and petitioner replied [Case No. 3:22-cv-406, Doc. 9]. Because, based on the record, it plainly appears that petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[3]

---

[1] Subsequent to filing his § 2255 motion, petitioner filed a motion to amend his § 2255 motion [Case No. 3:22-cv-406, Doc. 2]. The Court takes into consideration those additional arguments raised in petitioner's motion to amend his § 2255 motion and will rule on the merits of those arguments in its analysis of petitioner's § 2255 motion.

[2] All docket citations refer to the underlying criminal case unless otherwise indicated.

[3] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

and petitioner's § 2255 motion [Doc. 505; Case No. 3:22-cv-406, Docs. 1, 2] along with his motions to appoint counsel [Case No. 3:22-cv-406, Docs. 6, 10] will be **DENIED**.

## I. Background

On September 28, 2010, petitioner pleaded guilty to Count One of the second superseding indictment in this case charging him with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Docs. 170, 184]. Petitioner also pleaded guilty to Count Two of the second superseding indictment in this case charging him with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) [Docs. 170, 184]. In the plea agreement, petitioner agreed that he had read the indictment, discussed the charges and possible defenses with his counsel, and understood the crimes charged [Doc. 170, ¶ 3]. As part of the factual predicate for the plea agreement, petitioner agreed that he conspired to distribute and possessed with intent to distribute at least 50 kilograms but less than 150 kilograms of cocaine [*Id.* at ¶ 4(f)]. Petitioner also acknowledged that, by pleading guilty, he was giving up several rights, including the right to have the burden of proof placed on the government to prove him guilty beyond a reasonable doubt [*Id.* at ¶ 5(d)].

In consideration for the concessions the government made in the plea agreement, petitioner agreed to waive his rights to file a direct appeal, unless appealing a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater [*Id*. at ¶ 15(a)]. Further, petitioner agreed to waive his right to file any motion pursuant to § 2255

2

or otherwise collaterally attack his conviction or sentence, unless based on grounds of prosecutorial misconduct or ineffective assistance of counsel [*Id.* at ¶ 15(b)].

The presentence investigation report ("PSR") calculated petitioner's total offense level as 40, based on a drug quantity of at least 50 kilograms but less than 150 kilograms of cocaine, and a 3-level reduction for acceptance of responsibility [PSR, ¶¶ 44, 50–51]. Petitioner filed objections to the PSR [SEALED Doc. 279], but those objections were overruled, and the Court adopted the PSR without change [Doc. 319, pp. 8–12]. With a criminal history category of V, the PSR calculated petitioner's advisory guideline range as 360 months to life imprisonment [PSR, ¶ 87]. However, due to the statutory mandatory term of imprisonment, his restricted guideline was life [*Id.*]. After granting the government's motion for downward departure, though, the Court ultimately imposed a below-guidelines sentence of 282 months' imprisonment [Doc. 296; Doc. 319, p. 40].

In his § 2255 motion, petitioner argues that (1) he should be resentenced without any firearm enhancement or career-offender enhancement in light of *Borden v. United States*, 141 S. Ct. 1817 (2021) and *United States v. Perez*, 5 F.4th 390 (3d Cir. 2021); (2) he should be resentenced without any money-laundering enhancement because he had no prior conviction for money laundering; (3) he should be resentenced with fewer criminal history points because the PSR miscalculated his criminal history; (4) he should receive a sentence reduction in light of Guidelines Amendment 782; and (5) his counsel at sentencing should have disputed "the time limitation on the enhancements that made him a career criminal and resulted in ACCA sentencing" [Doc. 505; Case No. 3:22-cv-406, Docs. 1, 2].

3

Case 3:22-cv-00406-TAV-JEM   Document 11   Filed 04/11/23   Page 3 of 14   PageID #: 126

The government responds that petitioner's challenges to his sentence are procedurally defaulted because petitioner failed to raise them on direct appeal [Case No. 3:22-cv-406, Doc. 8, p. 3]. The government also contends that these claims are barred by the collateral attack waiver in his plea agreement [*Id.* at 4–5]. Furthermore, the government argues that these claims are noncognizable and/or meritless based on petitioner's admissions in the plea agreement, the inapplicability of the case law cited, and his overall misunderstanding of the law and the effect it has on his guidelines range [*Id.* at 7–9]. Finally, the government contends that petitioner has not established that his counsel was ineffective because he was never classified as a career offender or subject to the Armed Career Criminal Act ("ACCA") and the statutory enhancement to which he was subject has no time limitations on prior qualifying convictions [*Id.* at 9–10].[4]

## II.  Legal Standard

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ."  28 U.S.C. § 2255.  To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."  *Watson v. United*

---

[4] The government also argued that petitioner's § 2255 motion was untimely [Case No. 3:22-cv-406, Doc. 8, pp. 5–6]. Because the Court resolves petitioner's motion on the other grounds asserted, the Court will not address this portion of the government's argument.

*States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal, *United States v. Frady*, 456 U.S. 152, 166 (1982).

### III. Analysis

#### A. Pro Se Motions to Appoint Counsel

Petitioner has filed two motions to appoint counsel to argue his § 2255 motion [Case No. 3:22-cv-406, Docs. 6, 10]. However, there is no right to counsel in habeas proceedings; courts should appoint counsel only if justice so requires. *See United States v. Ozuna-Guerrero*, Nos. 12-88, 17-196, 2017 WL 9325354, at *10 (E.D. Ky. June 30, 2017). Here, the Court finds it unnecessary to appoint counsel. Petitioner has demonstrated via his § 2255 motion and his subsequent amendment "that he is capable of presenting his legal issues to the Court," and the Court finds that his case presents no "complexities" that would require counsel. *See id.* Therefore, the Court finds that justice does not require appointment of counsel to argue petitioner's § 2255 motion. Accordingly, petitioner's motions to appoint counsel [Case No. 3:22-cv-406, Docs. 6, 10] will be **DENIED**.

#### B. Procedural Issues

##### 1. Procedural Default

The government first argues that with the exception of his claim of ineffective assistance of counsel, all petitioner's claims are procedurally defaulted because petitioner failed to raise these claims on direct appeal [Case No. 3:22-cv-406, Doc. 8, p. 3].

5

A direct appeal is the proper forum in which to raise sentencing questions. *United States v. Calderon*, No. 98-1336, 1999 WL 801587, at *3 (6th Cir. Sept. 27, 1999). In *Grant v. United States*, the Sixth Circuit addressed the question of collateral attacks on sentencing guideline determinations and concluded:

> [N]onconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process . . . . [N]onconstitutional errors ordinarily are not cognizable on collateral review. Defendants must assert their claims in the ordinary course of trial and direct appeal.

72 F.3d 503, 506 (6th Cir. 1996).

If a claim is procedurally defaulted because a petitioner has not raised it on direct appeal, he may only raise it in a collateral attack if he can demonstrate cause and actual prejudice or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998). The "actual innocence" standard requires a finding of factual innocence, not mere legal insufficiency. *Id.* at 623.

Petitioner's claims that his sentencing guidelines were miscalculated are procedurally defaulted because he did not file a direct appeal raising these claims.[5] Moreover, petitioner has not asserted any cause and prejudice for his failure to raise these claims on direct review. To the extent that petitioner's overall arguments could be construed as a claim of "actual innocence," petitioner does not argue that he is factually innocent of conspiring to distribute five kilograms or more of cocaine or conspiring to commit money laundering. In fact, petitioner concedes that he "is not in any way

---

[5] Petitioner did file a direct appeal in this case [Docs. 384, 385]. However, he did not raise the issues that he raises in his § 2255 motion [*See* Docs. 412, 413].

challenging [his] convictions" and he "does not wish to withdraw his guilty plea" [Case No. 3:22-cv-406, Doc. 2, pp. 1, 3]. Thus, his claims are of "legal insufficiency" rather than "factual innocence" and, therefore, insufficient to overcome a procedural default. Accordingly, these claims are procedurally defaulted and will be **DENIED** for that reason.

### 2. Collateral Attack Waiver

The government next argues that with the exception of his claim of ineffective assistance of counsel, all petitioner's claims are barred by the collateral attack waiver in his plea agreement [Case No. 3:22-cv-406, Doc. 8, p. 4]. The government notes that, as part of his plea agreement, petitioner waived the right to file a collateral attack unless based on prosecutorial misconduct or ineffective assistance of counsel [*Id.*]. Because all but one of petitioner's claims are based on neither of those grounds, the government contends that they are barred [*Id.*].

The Sixth Circuit has held that "a defendant's informed and voluntary waiver of the right to collaterally attack a sentence" is enforceable. *Watson*, 165 F.3d at 489. Here, petitioner agreed in the plea agreement to waive his rights to file a direct appeal, unless appealing a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater [Doc. 170, ¶ 15(a)]. Because petitioner received a below-guidelines sentence of 282 months' imprisonment [Doc. 296], the exception to the appeal waiver does not apply. Further, petitioner agreed to waive his right to file any motion pursuant to

7

Case 3:22-cv-00406-TAV-JEM   Document 11   Filed 04/11/23   Page 7 of 14   PageID #: 130

§ 2255 or otherwise collaterally attack his conviction or sentence, unless based on grounds of prosecutorial misconduct or ineffective assistance of counsel [Doc. 170, ¶ 15(b)].

At his change of plea hearing, pursuant to Federal Rule of Criminal Procedure 11 and this Court's standard practice, petitioner was specifically informed of each of these matters. The Court accepted petitioner's guilty plea after he agreed that he had reviewed the provisions of the plea agreement with his attorney and that he understood the rights he was waiving by pleading guilty [*See* Doc. 184]. Moreover, at his sentencing hearing, petitioner was asked whether he understood that any challenge to the prior convictions used to enhance his sentence that was not made before his sentence was imposed could not be raised to attack his sentence, to which he responded "Yes" [Doc. 319, p. 6].

"Solemn declarations in open court carry a strong presumption of verity[,]" and "[t]he subsequent presentation of conclusory allegations . . . is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Given the terms of the plea agreement and petitioner's statements at his change of plea and sentencing hearings, the Court finds that, in the alternative, petitioner's claims, with the exception of his claim of ineffective assistance of counsel, are barred by the collateral attack waiver in his plea agreement, and his claims will be **DENIED**.

### C. Merits

#### 1. Sentencing Guidelines Calculation

Even if petitioner's claims were not procedurally defaulted and/or waived, petitioner's claims would lack merit because arguments as to sentencing guidelines

8

calculations, such as the ones petitioner raises here, are not cognizable on a § 2255 motion. Indeed, the Sixth Circuit has rejected a petitioner's claim that his "career-offender designation [wa]s erroneous under the advisory Sentencing Guidelines" due to an intervening change in the law because "'misapplication-of-the-guidelines-range' claims are not cognizable on collateral review." *Bullard v. United States*, 937 F.3d 654, 659 (6th Cir. 2019).

Notably, petitioner's claims also lack merit because he was not sentenced under the ACCA and did not receive a career offender enhancement. Instead, his sentence was enhanced based on 21 U.S.C. § 841(b)(1)(A), which allows a defendant's sentence to be enhanced if he has a prior conviction for a serious drug felony [PSR, ¶ 86; Doc. 171]. Here, the government met the requirements of 21 U.S.C. § 851 by filing an information with the previous convictions upon which it relied to enhance petitioner's sentence, and petitioner affirmed those prior convictions at the sentencing hearing [Doc. 171; Doc. 319, pp. 4–6]. Petitioner was also asked whether he understood that "any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence," to which he responded "Yes" [Doc. 319, p. 6]. *See* 21 U.S.C. § 851; *see also Blackledge*, 431 U.S. at 74 ("Solemn declarations in open court carry a strong presumption of verity[,]" and "[t]he subsequent presentation of conclusory allegations . . . is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

Petitioner's reliance on *Borden*, *Perez*, and Guidelines Amendment 782 is misplaced. *Borden* held that a criminal offense that requires only a *mens rea* of recklessness cannot count as a "violent felony" under the elements clause of the ACCA. 141 S. Ct. at 1825. *Borden*'s reasoning equally applies to 18 U.S.C. § 924(c) to define a "crime of violence" for purposes of a career offender enhancement. *See Harris v. United States*, 19 F.4th 863, 871 (6th Cir. 2021) (citing to *Borden* and stating that the elements clause of the ACCA is essentially identical to § 924(c)(3)(A)). As mentioned earlier, petitioner was not sentenced under the ACCA and did not receive a career offender enhancement. As a result, *Borden* has no effect on petitioner's sentence and is not a ground for relief.

In addition, petitioner cites to *Perez* in support of his § 2255 motion. 5 F.4th 390 (3d Cir. 2021). Section 2255(f)(3) permits a claim which is based on a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" to be filed within one year of the date of the Supreme Court's decision. 28 U.S.C. § 2255(f)(3). *Perez* is a Third Circuit case, not a Supreme Court decision, and thus, it cannot serve as a basis for relief based on 28 U.S.C. § 2255(f)(3).

Petitioner further cites to Guidelines Amendment 782 to argue that he is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Amendment 782 to the guidelines, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing by two levels the offense levels assigned to the drug quantities described in section 2D1.1. U.S. Sentencing Guidelines Manual App. C,

10

Case 3:22-cv-00406-TAV-JEM   Document 11   Filed 04/11/23   Page 10 of 14   PageID #: 133

amend. 782. Amendment 782 also makes corresponding changes to section 2D1.11. Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive. U.S. Sentencing Guidelines Manual App. C, amend. 788.

Regardless of whether Amendment 782 affects petitioner's guidelines range, petitioner cannot qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 because his sentence was not "based on" his lowered guidelines range. *Koons v. United States*, 138 S. Ct. 1783, 1788 (2018). Instead, his sentence was "based on" his substantial assistance to the government, and as a result, he received a below-guidelines sentence of 282 months' imprisonment [*See* Doc. 296; Doc. 319, pp. 39–40]. *Id.* Thus, this argument is also without merit.

Based on the foregoing, the Court finds that petitioner's claims regarding the validity of his sentence are wholly incredible. Thus, the Court finds that, in the alternative, petitioner's claims that his sentencing guidelines were incorrectly calculated are meritless, and will, therefore, be **DENIED**.

### 2. Money Laundering Enhancement

Petitioner also makes an argument as to the enhancement he received for his money laundering conviction pursuant to 18 U.S.C. § 1956(h) and asserts that a money laundering enhancement "puts the cart before the horse" because he had no prior criminal charge for money laundering [Case No. 3:22-cv-406, Doc. 1, p. 5]. However, petitioner did not receive an enhancement based on a *prior* money laundering conviction. Instead, he received an enhancement for being convicted of money laundering pursuant to 18 U.S.C.

11

§ 1956(h) in the *current* criminal case in which he was being sentenced [PSR, ¶ 45]. Thus, this argument is also without merit and will be **DENIED**.

### 3. Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003). A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, he must identify specific acts or omissions to prove that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 687–88, 690. Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 617–18 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (providing that a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Second, a petitioner must also establish "a reasonable probability that, but for counsel's [acts or omissions], the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). Because a petitioner "must satisfy *both* prongs [of *Strickland* to obtain relief on an ineffectiveness claim], the inability to prove either one of the prongs—regardless of which

one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc); *accord Strickland*, 466 U.S. at 697.

Ultimately, the Court finds that petitioner's claim of ineffective assistance of counsel fails on the second prong of *Strickland*, and thus, the Court is relieved of any duty to consider the first prong.

Petitioner's claim of ineffective assistance relates to his sentencing hearing, specifically, that counsel should have disputed "the time limitation on the enhancements that made him a career criminal and resulted in ACCA sentencing" [Case No. 3:22-cv-406, Doc. 2, p. 3]. As previously mentioned, petitioner was not sentenced under the ACCA and did not receive a career offender enhancement. Instead, his sentence was enhanced based on 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 851, the requirements of which were met in this case [PSR, ¶ 86; Doc. 171; Doc. 319, pp. 4–6]. Thus, even if petitioner's counsel at sentencing had disputed such time limitations, the result of the proceedings would not have been different because petitioner was never classified as a career offender or sentenced under the ACCA.

Moreover, 21 U.S.C. § 841(b)(1)(A), the statute under which petitioner's sentence was enhanced, contains no time limitations on the prior qualifying convictions that can be used to enhance a defendant's sentence. *See Talley v. United States*, Nos. 1:00-cv-74, 1:94-cr-118, 2006 WL 3422997, at *22 (E.D. Tenn. Nov. 27, 2006); *see also United States v. Brown*, No. 96-5414, 1998 WL 68931, at *7–8 (6th Cir. Feb. 11, 1998) (holding that 21 U.S.C. § 841(b)(1)(A) is not void for vagueness due to the fact that it does not establish

13

time limits on prior felony drug convictions). "[F]ailing to raise wholly meritless claims is neither deficient nor prejudicial." *Moody v. United States*, 958 F.3d 485, 492 (6th Cir. 2020). As a result, because petitioner has failed to satisfy the second prong of *Strickland*, petitioner's ineffective assistance of counsel claim will be **DENIED**.

## IV. Conclusion

For the reasons stated above, the Court finds that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. Thus, his motion to vacate, set aside or correct sentence [Doc. 505; Case No. 3:22-cv-406, Docs. 1, 2] will be **DENIED**, his motions to appoint counsel [Case No. 3:22-cv-406, Docs. 6, 10] will be **DENIED**, and this civil action will be **DISMISSED**. A hearing is unnecessary in this case. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE